IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    *

                                             CASE NO. 12-06640(ESL)

GLADYS RODRIGUEZ ALGARIN

                                             CHAPTER 13

    Debtor(s)

-----------------------------------*

REPLY TO URGENT MOTION

TO THE HONORABLE COURT:

      NOW COMES the undersigned attorney and very respectfully prays and alleges:

      1. That Gladys Rodriguez Algarin [hereinafter movant] filed "Urgent Motion" requesting that the instant case not be dismissed, requesting a refund of $1,300.00 and a term of 30 days to attain new representation.

      2. That the instant case was dismissed on May 7, 2013 prompted by Trustee's Motion to Dismiss for arrears incurred by debtor with the chapter 13 payment plan. Prior to entry of dismissal Order an Order was entered denying Puerto Rico Homestead exemption as per Law 195 due to the fact that all requirements as per Order entered by this Honorable Court were not complied with, specifically as to duly presenting "Acta de Hogar Seguro" at registry of property prior to filing the instant bankruptcy case.

      3. In response to debtor's allegations the undersigned attorney avers the following:

          A. That debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code due to the fact that there existed equity over debtor's real property which she could not pay and debtor wanted to secure her residence thereby opted to file

Chapter 13 instead of a Chapter 7, hence claiming the Puerto Rico Homestead exemption available under Law 195-2011 which at the time was being amended and/or clarified to state that the same applied to bankruptcy cases.

  B. That on July 19, 2012 debtor came in for an initial consultation which was given by attorney William Davila De Pedro, Esq., and the case was filed by the undersigned attorney. Attorney Davila De Pedro, whom is my father, has retired due to health reasons; however, in order to help when I am out of the office, occasionally gives consultations on a pro-bono basis. Furthermore, debtor knew and has always known, that I am the attorney inasmuch as this was explained to her from the beginning, since she had filed previously for bankruptcy with attorney Davila De Pedro in 1986 and was satisfied with the services rendered; by which she decided to retain the legal services of this firm 'Bufete Davila De Pedro', represented by attorney Emily D. Davila as per attached contract.

  C. Also, debtor knew and has always known, my mother, as my mother has always been assisting and helping my father in this law firm and was here in 1986. Also the truth of the matter is that Mrs. Gloria R. Davila, is the Office Manager, Administrative Assistant and Paralegal of the firm and my father's wife. My mother, Gloria Davila, never manifested nor represented herself to be an attorney, on the contrary she is the Administrative Assistant, Manager and Paralegal and as such does not have her own private office, but rather works at one of the desks in the office where other cubicles are located, nor does she

have her name on the door or on any office legal document.

D. That my mother's job and office duties require her to receive clients when they come into the office, ascertain as to their office visit, obtain information from them and review the same; receive and review documents, etc., all related to their case, also assists in preparing non-business bankruptcy cases and clients often times receive instructions, personal consolation and advice from my mother due to the fact that after many years as legal secretary, administrator for the Law Firm she has vast experience, also on many occasions I may be attending hearings or working on a business case. Nonetheless, I revise, verify and finalize all bankruptcy cases. Also my mother helps in easing their pain by comforting them and praying with them.

E. That debtor is disabled, recipient of social security and takes medication which cause her to occasionally forget and/or constantly ask the same questions due to this situation she was told often by my mother not to worry if later on any situation occurred regarding Law 195-2011 "Ley de Hogar Seguro" under Chapter 13 her house was not in danger and at worst a dismissal of the case could occur if the Puerto Rico Homestead exemption was not allowed, hence she could not pay the 'liquidation value' surging from the federal exemptions.

F. That debtor was never denied access to the undersigned attorney and prior to filing the instant bankruptcy case all information was verified by the undersigned attorney. Nonetheless, 'Acta de Hogar Seguro' was presented post-petition at the Registry of Property; thereby non-complying with this Honorable

Court's Order entered on February 4, 2012.

G. As to not having seen me at the office that is denied I saw debtor on more than one occasion at the office although I did not give her the initial consultation. The contract clearly states my name and debtor set her initial on each page and signed the same on July 19, 2012.

H. As to any determination of what Chapter to File, the same was determined by the undersigned attorney and my mother does not make that determination, although she may explain to the debtor what possibly would be done in a case but any legal determination is made by the undersigned attorney and on occasions attorney William Davila De Pedro may render a consultation or give legal advice helping me when I am unable to do so.

I. As to debtor alleging I was confused at the 341 meeting the same are denied, there would be no reason for me to be confused, as to calling another name I honestly don't remember; although it is routine for me to verify all of my cases on calendar and take attendance.

J. As to informing debtor that she needed to retain an attorney to prepare the Deed to secure homestead and present said Deed "Acta Hogar Seguro" at the Registry of Property that is correct. As to mentioning that perhaps the cost of such deed could range at approximately $300.00 that is correct to the best of my knowledge. Nonetheless, this information was only conveyed to help her, it was not given as something concrete as the Notary Public to be retained is the only one whom can state what the cost would be, and no monies were received by the undersigned

for the Deed as debtor did not retain the undersigned attorney to prepare the Deed of "Acta de Hogar Seguro".

K. As to filing without having 'Acta de Hogar Seguro' duly presented at Registry of Property that is correct, although, I understood the same had been presented by debtor prior to filing the bankruptcy case. Nonetheless, as explained to debtor prior to filing, 'Ley de Hogar Seguro' was a new Law and all parties were learning something new and it was not clear at the moment of filing the present bankruptcy case if 'Law 195-2011' would in fact apply.

L. As to being 'amonested' (or being warned) by the Trustee that is incorrect as this never happened. On the contrary, after this Honorable Court entered Order stating the requirements for debtor's eligibility to claim P.R. Homestead Exemption I spoke with the Trustee's office explaining that debtor was ineligible as per Order to confirm plan due to the fact that 'Acta Hogar Seguro' was presented post-petition and the Trustee informed me that this was a new Law and it was not clear at time of filing the necessary requirements and/or applicability of Law 195-2011 in Bankruptcy Proceedings.

M. That I tried to explain to debtor that due to Order entered by this Honorable Court she was ineligible to use P.R. Homestead exemption as per amended Law 195-2011; and in view of the Liquidation Value of the Estate, the payment plan would have to be increased which debtor could not pay. Thus debtor was advised not make any more plan payments since the plan could not be confirmed and she could not pay the liquidation value surging from

the federal homestead exemption.  I informed debtor that I would file a new case under Chapter 13 of the Code once the present case was dismissed.  However, debtor refused to understand this, debtor wanted to continue paying the plan which could not be confirmed; she became very upset, agitated and simply would not reason or understand that there was a solution and it would be solved at the appropriate time.  Instead of heeding to my advice, she telephoned the Trustee's Office to complain about the services rendered as to the handling of the case.  Finally, debtor visited the U.S. Trustee's Office to complain about the services rendered, etc.; and on this occasion due to the fact that she alleged having a loss since the Chapter 13 Trustee charges a minimal fee which would not be reimbursed to debtor alleged that the undersigned attorney reimburse her said fee.

   N. That I deny not speaking with debtor, nor explaining to her that the case could not be confirmed, on the contrary, I spoke with her on the telephone and requested that she cease plan payments due to the aforementioned, she became very agitated and upset with me and was disrespectful, although I tried to explain that once the case was dismissed I would file a new case and there would be no problem nor charge.

   O. That debtor telephoned the office on several occasions and was told by my mother that I already explained to her the situation and that she could not continue being disrespectful toward the undersigned attorney or the office, also by letter she was informed of the situation. Attached is copy of letters dated 2/5/2013 and 4/25/2013.

P. That debtor telephoned the Trustee's office to complain about my services and the office services due to the fact that she did not want cease payments and she wanted the Chapter 13 Plan to be confirmed with a payment of $300.00 x 60 months which did not comply with liquidation value. Debtor stated that I was at fault and the office for the handling of the case; although prior to filing debtor knew in fact that the possibility existed that Law 195 'Ley Hogar Seguro' was new and amendments were pending to clarify eligibility in bankruptcy proceedings.

Q. That the Trustee communicated this situation to me to which I responded that debtor would not listen or reason, was agitated and demanded that the undersigned admit being a culprit. Debtor is disabled as she receives Social Security Benefits due to some emotional illness and did not accept that confirmation of that plan could never be attained since she was current with the plan.

R. That debtor finally ceased making payments to the Chapter 13 Plan and the case was dismissed. The undersigned was willing to file a new chapter 13 once this Honorable Court dismissed the instant case, nonetheless, debtor was disrespectful on the telephone towards the office because the Trustee, from the monies paid, would charge a fee which she claims is the undersigned attorney's fault and she should be reimbursed by me.

S. That it was explained to debtor that the Chapter 13 Trustee is the one who receives the payments paid by debtor and that she needed to resolve any situation regarding plan payments with the Trustee's office. Also, she was notified by letter of this

information and advised that a new case would be filed on her behalf at no cost. Debtor would pay no monies for the filing of the petition as the filing fee and other costs for filing would not be charged to her. It was requested from debtor that she discontinue the same pattern of questioning, and harassment of the office and reiterating the same allegations which already were addressed. Respect was the only condition.

  T. That debtor telephoned again and commenced her pattern of harassment and constant bombarding of the same issue which was already presented to her that it must not happen again. Debtor was disrespectful to my mother although, she was advised that she could not continue to do if she wanted my representation. Debtor had already been informed that she could not be respectful and she could not continue with the same allegations, hence that did not suffice debtor and she personally appeared at our office, without making an appointment, manifested the same disrespectful attitude and was told that in view of the fact that she was not satisfied with the legal services provided by the undersigned that she was at liberty to seek legal counsel of her choice.

  U. As to debtor being calm that is denied she started with the same disrespectful attitude towards my mother and the office, reiterating the same allegations which she was advised not to do instead she was asked if she read the last letter sent to her and if she was visiting the office to file a new case. To which debtor replied that she had nothing to speak with my mother and that she wanted to speak with me. Debtor was requested to please sit in the waiting room, read the letter and after that I would

speak with her.

V. Finally, since an altercation arose between debtor and my mother, and in view of the fact that debtor would not abide to instructions I instructed debtor to come in my office. However, debtor would not listen to reason; she would not stay quiet and started harassing me, requesting that I admit it was my fault that the case was dismissed. That I needed to guarantee that no issues would arise with the filing of the new case, because from the beginning she had problems with the office, that she too had conditions for accepting my legal representation. Ultimately, I had to tell her that I now was not going to file her new case and I was not going to represent her; also I conveyed to her that she was sick, took medication and I could not tolerate this behavior anymore, but she would not leave voluntarily.

Z. That debtor was very agitated and constantly contradicting my every word, which could be heard out in the secretarial area, my mother had to come in the office and tell her to leave which she failed to do; finally the guard was called to escort her out of the office. There was no abuse of power, I will not accept from anybody disrespectful behavior, harassment towards me or the office irrespective of the fact that they are sick or not.

4. That the instance case was filed on August 24, 2012, all the work was performed and the same was dismissed on May 7, 2012 for the aforementioned reasons. Furthermore, debtor paid the sum of $819.00 in attorney's fees and $481.00 in expenses as per Statement 2016B and Form B203 for a total of $1,300.00. As disclosed in Form

B203 $281.00 was paid for filing fee, CCS $100.00 and comparable $100.00.

5. Debtor's allegations of not being duly represented are false. The fact that the Chapter Payment Plan was not confirmed does not mean the work was not performed. As all services were performed including representation of debtor at 341 creditors meeting. Also debtor was duly advised prior to filing the present bankruptcy case that amendments were pending to Law 195-2011 'Ley Hogar Seguro' which might not be approved thereby dismissal of the case was a possibility. In reality the undersigned expended more than the fees paid by debtor.

WHEREFORE it is respectfully requested that this Honorable Court take notice of the aforestated and deny debtor's Urgent Motion.

I CERTIFY that on this date I sent by electronic mail a true copy of this motion to debtor/movant, Gladys Rodriguez Algarin, P.O. Box 852, Juncos, P.R. 00777, to chapter 13 trustee Jose R. Carrion, Esq., to Office of U.S. Trustee, Monsita Lecaroz, Esq., Assistant U.S. Trustee to parties in interest and by regular mail to creditors as per master address list.

In San Juan, Puerto Rico, this May 21, 2013.

/s/EMILY DARICE DAVILA, ESQ
EMILY D. DAVILA, ESQ. #214503
420 PONCE DE LEON
MIDTOWN BLDG SUITE 311
SAN JUAN, PR  00918
TEL. 787 759-8090, fax 759-9620
davilalawe@prtc.net
davilalaww@prtc.net

## CONTRATO DE CONSULTORIA Y ADMISION DE RECIBIR DECLARACIONES E INSTITUCIONES

Este acuerdo es suscrito hoy 19 DE JULIO DEL 2012 entre GLADYS RODRIGUEZ ALGLARIN de ahora en adelante mencionado como "el cliente" o los "clientes" y el BUFETE DAVILA DE PEDRO, LCDA. EMILY D. DAVILA RIVERA de ahora en adelante mencionado como "El abogado".

El cliente ha solicitado la oportunidad de consultar y solicitar información y consejo del abogado a los efectos de obtener alivio en cuanto al pago de deudor mediante la radicación de una petición de quiebra bajo el Código de Quiebra de los Estados Unidos. Este acuerdo es con el propósito de dicha consulta solamente. Si al terminar dicha consulta las partes acuerdan que el abogado ha de promover algún servicio adicional como el de radicarle una petición de quiebra las partes acuerdan el pago de honorarios de abogado, gastos y servicios legales a prestarse a detallarse en este contrato y en "addendun" anejado a este contrato. El mismo incluirá los servicios a proveerse por el abogado, las obligaciones del cliente y los honorarios de abogado por dichos servicios de la siguiente manera:



1. El costo por la consulta es $300.00 los cuales serán abonados a los honorarios pagados para la radicación de la quiebra en caso de proceder a radicarse una quiebra.

   NO HAY DEVOLUCION DE HONORARIOS

2. Los gastos pagados para la radicación de la quiebra no son honorarios de abogados. Los mismos incluyen sello de radicación $281.00, CCCS $100.00, gastos de fotocopias, llamadas telefónicas, facimiles, sellos, gastos de impresor y scanner, etc… $239.00,… Total $620.00.

3. Los honorarios del capitulo 13 por "Flat Fee" ya establecido por la Corte son de $3,000.00. En exceso del "Flat Fee" se cobrara a base de $200.00 por hora según forma 2016B y forma B203 pagina 2 #6 radicados con este Tribunal de Quiebras según acuerdo entre las partes. Dichos honorarios se refiere a los servicios prestados **por el BUFETE DAVILA DE PEDRO, LCDA. EMILY D DAVILA RIVERA en cualquier asunto relacionado con la radicación de la quiebra y representación en el Tribunal de Quiebra.** Los mismos se pagaran hasta $3,000.00 según establecido por el Tribunal de Quiebras como costo de honorarios básicos y en exceso de los mismos se pagaran mediante "Aplicación para compensación de honorarios". Dichos servicios incluyen los

## ADDENDUM AL ACUERDO DE CONSULTA

El cliente antes mencionado ha consultado con el abogado en relación a asistencia en cuanto a la radicación de una petición de Quiebra. Información adicional es necesaria para que el abogado pueda asesorar mejor al cliente en cuanto a las distintas opciones. Las partes acuerdan lo siguiente:

1. El cliente deberá proveer al abogado con la información mencionada en el anejo A.
2. Al obtener la información el abogado dialogara con el cliente y le proveerá información adicional orientándole sobre las distintas opciones en Quiebra y fuera de Quiebra.

Los servicios específicos a proveerse por el abogado son los siguientes:



Consulta de quiebra.
Preparar Contrato
Asistencia en adquirir el certificado de "Pre-Bankuptcy Counseling"
Llenar todos los documentos (schedules) requeridos por la Corte de quiebra para radicar el caso.
Analizar el estado financiero para determinar capitulo a radicarse. Preparara el "Means Test"
Capitulo 13, preparar plan de pago
Carta de apertura de caso, guía capitulo 7, 13, 0 11
Carta para que cesen descuento de nomina y/o embargos de sueldo
Mociones por derecho propio en caso de demandas.
Notificaciones a abogados en casos de demandas
Preparar cliente para vista 341.
Representar a cliente en vista 341
Verificar reclamaciones para que los planes de pagos sean confirmados (Cap.13)
Monitorear el progreso del caso
Notificar al deudor cualquier moción recibida que requiera una acción y asesorarle en cuanto a esta situación.
Contestar mociones tanto del Síndico como de Acreedores y cualquier otra situación que surja.
Modificaciones de planes confirmados, etc.
Representar al deudor en vista ante el juez., ETC.

3.  Los honorarios se pagaran según 2016B y Forma B203 pagina 2 #6, **con excepción de SERVICIOS ADICIONALES CONTRATADOS POR EL CLIENTE LOS CUALES SON LOS SIGUIENTES**:

Vista adicional por concepto de vista preliminar (Pre-Trial), $300.00, Contestación por MTD (moción solicitando desestimación del caso) $300.00, Procedimientos adversario según se contrate.

BUFETE DAVILA DE PEDRO

Fecha: 19 DE JULIO DEL 2012

Por:

_____
Cliente

siguientes aunque no son exluyentes de los servicios a prestarse en representación de los clientes:

" **consulta, preparación de quiebra y radicación de la misma, verificación y preparación de documentos en casos de negocios, verificación de reclamaciones radicadas por acreedores en el Tribunal de Quiebras, objeciones a reclamaciones de acreedores cuando sea necesario, radicación de reclamaciones por acreedores cuando sea necesario, cartas y llamadas preparadas en representación del cliente, representación en vista de acreedores y vista de confirmación, etc.**

"El abogado" deberá proveerle al cliente los siguientes servicios:

  a. Analizar las circunstancias financieras basadas en la información provista por el cliente.
  b. Dentro de lo posible, basado en la información provista por el cliente, asesorar al cliente sobre las opciones en cuanto a los distintos casos de quiebra y opciones fuera de la quiebra.
  c. Si el cliente no ha provisto al abogado con suficiente información para poder aconsejar al cliente sobre las distintas opciones, indicarle al cliente que información el cliente necesita proveer para poder asesorarle adecuadamente.
  d. Asesorar al cliente sobre los requisitos para poder radicar un capitulo 7 o 13 y hasta lo posible sobre el costo en honorarios de abogado por los servicios a proveerse al cliente.

4. El cliente admite que la primera fecha en la que el abogado ha ofrecido proveer ayuda con servicios de quiebra es esta fecha y el abogado ha provisto al cliente con la notificación al cliente que contempla la radicación de una quiebra, la declaración requerida por la sección 527 (a) del Código de Quiebra y las instrucciones requeridas para proveer información requerida para radicar una quiebra, copia de los cuales se anejan a este acuerdo de consultoría.

BUFETE DAVILA DE PEDRO

Por: _____
LCDA EMILY D DAVILA RIVERA

BUFETE DAVILA DE PEDRO
LCDA. EMILY D. DAVILA RIVERA
ABOGADO NOTARIO - ATTORNEY AT LAW
420 AVE PONCE DE LEON
MIDTOWN SUITE 311
HATO REY, PUERTO RICO 00918
TEL. 787-759-8090, 753-2368, 1-00-980-5328
FAX: 759-9620

5 de febrero del 2013

GLADYS RODRIGUEZ ALGARIN
PO BOX 852
JUNCOS PR 00777

CASO # 12-06640-ESL

Estimada cliente:

Por la presente le informo que el Juez emitió un Orden en su caso denegando la confirmación de su caso.

El Juez alega que usted firmo la Escritura de Hogar Seguro luego de haber radicado la petición de quiebra.

Por tal motivo debe de cesar los pagos del Síndico y dejar que la Corte de Quiebra desestime su caso. Una vez el caso este desestimado puede proceder a radicar un caso nuevamente.

Gracias por su cooperación en este asunto.

Cordialmente,
BUFETE DAVILA DE PEDRO

LCDA. EMILY DARICE DAVILA

**BUFETE DAVILA DE PEDRO**
**LCDA EMILY D DAVILA RIVERA**
ABOGADOS NOTARIOS - ATTORNEYS AT LAW
EDIFICIO MIDTOWN, SUITE 311 PONCE DE LEON 420
HATO REY, SAN JUAN, PUERTO RICO 00918
TEL (787)759-8090 / FAX (787)759-9620

25 de abril del 2013

GLADYS RODRIGUEZ ALGARIN
PO BOX 852
JUNCOS PR 00777

    RE: CASO NUM. 12-06640 ESL

Estimada cliente:

En relación a su llamada telefónica del día de ayer y sus averaciones tengo a bien informarle nuevamente que lamento mucho lo sucedido, esta disculpa ya se la había manifestado. Por lo cual no es saludable ni aconsejable que usted vuelva a manifestar lo ya resuelto.

Usted está en libertad de contratar a cualquier otro representante legal, pero de tomar la decisión de radicar su caso de quiebra en este bufete, no puede volver a tener la actitud que manifestó ayer.

El interés de este bufete es de representarla en el caso nuevo a radicarse con todo el profesionalismo y conocimientos de ley.

El termino para que el Juez entre la Orden de Desestimación ya venció por lo cual en cualquier momento el Juez firmara la Orden Desestimando el caso de epígrafe y entonces puede radicar el caso nuevo.

Sin otro particular, quedo

BUFETE DAVILA DE PEDRO
EMILY D. DAVILA RIVERA, ESQ.
Midtown Suite 311
420 Ponce de León
San Juan, PR 00918
Tel (787) 753-2368 Fax (787) 759-9620

LCDA. EMILY D. DAVILA RIVERA

```
RODRIGUEZ ALGARIN GLADYS
PO BOX 852
JUNCOS PR 00777




EMILY D DAVILA RIVERA
420 PONCE DE LEON
MIDTOWN SUITE 311
SAN JUAN PR 00918




AUT ACUEDUCTOS Y ALC
BANKRUPTCY DIVISION
BOX 70101
SAN JUAN PR 00936




BANCO BILBAO VIZCAYA
BANKRUPTCY DIVISION
GPO BOX 364745
SAN JUAN PR 00936




BANCO SANTANDER DE PR
BANKRUPTCY DIVISION
PO BOX 362589
SAN JUAN PR 00936




CRIM
BANKRUPTCY DIVISION
PO BOX 195387
SAN JUAN PR 00919




DEPARTMENT OF TRANSPORTATION
PO BOX 41243
MINILLAS STATION
SAN JUAN PR 00940




DISH NETWORK
PO BOX 105169
ATLANTA GA 30348




HOME DEPOT
PO BOX 3800
CAROLINA PR 00984




INSTYLER
SKO BRENNER AMERICAN
PO BOX 230
FARMINGDALE NY 11735




JC PENNEY
BANKRUPTCY DIVISION
PO BOX 364788
```

```
LEONARD & ASSOC
PO BOX 366220
SAN JUAN PR 00936



RELIABLE FINANCIAL
BANKRUPTCY DIVISION
APARTADO 21382
SAN JUAN PR 00928


SAMS CLUB
BANKRUPTCY DIVISION
PO BOX 103036
ROSWELL GA 30076


SEARS CARD
BANKRUPTCY DIVISION
PO BOX 6923
THE LAKES NV 88901
```