```
             IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF PUERTO RICO

IN RE:                                *
                                            CASE NO. 12-06640(ESL)
GLADYS RODRIGUEZ ALGARIN
                                            CHAPTER 13
     Debtor(s)
-----------------------------------*
```

APPLICATION FOR COMPENSATION OF FEES &
MEMORANDUM OF LAW RE: REPLY TO URGENT MOTION

TO THE HONORABLE COURT:

NOW COMES the undersigned attorney and very respectfully prays and alleges:

1. That Gladys Rodriguez Algarin [hereinafter movant] contracted the services of Law Firm Davila De Pedro and/or Emily D. Davila for the filing of a voluntary petition under Chapter 13 of the Code on July 19, 2012 as per contract entered between parties and attached with Reply to Urgent Motion.

2. That on August 24, 2012 voluntary petition under Chapter 13 of the code was filed, hereinafter schedules, statement of financial affairs, statement of intention, Form B22c and plan were filed.

3. That at the time of filing debtor claimed Puerto Rico homestead exemption pursuant to State Law 195-2011, hence under federal bankruptcy exemptions equity existed which debtor could not pay. Furthermore debtor was informed that at the time of filing the present petition said Law was being amended to clarify that the same applied in Bankruptcy Proceedings and that there was no

guarantee the same would apply, nonetheless, debtor's real property would not be adversely affected.

4. That on September 15, 2012 the Puerto Rico Home Protection Act was amended to clarify the same applied in bankruptcy proceedings, thereafter this Honorable Court entered Opinion and Order on February 4, 2013 stating specific requirements for Puerto Rico Home Act to apply in bankruptcy proceedings.

5. That among the requirements was that 'Acta Hogar Seguro' be duly presented at Registry of Property prior to filing bankruptcy to which debtor failed to comply with, thus debtor would have to use federal bankruptcy exemptions causing her plan to increase substantially which she was unable to pay.

6. That debtor was informed to cease chapter 13 plan since She could not pay liquidation value and to re-file a new bankruptcy case after dismissal through the undersigned attorney if she elected to do so.

7. That all the work was performed as herein disclosed in Application for Compensation in spite of the fact that debtor's case was dismissed for arrears incurred with the chapter 13 payment plan.

MEMORANDUM OF LAW

Applicable Law-

8. <u>11 USC 105(a)</u> - The Court may issue any Order, Process, or Judgment that is necessary or appropriate to carry

out the provisions of this title.

9. <u>11 USC 503 (b) (2)</u> - After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502 (f) of this title, including— (2) compensation and reimbursement awarded under section 330(a) of this title.

10. <u>11 USC §330(a)</u> - Compensation for professional services and reimbursement for related expenses awarded under Code §330(a) are entitled to priority status as administrative expenses. This provision applies to a trustee or examiner, professional persons hired either under Code §327 or Code §1103, or the attorney for the debtor. Approval of Code §330(a) claims is governed by the broad equitable powers of the bankruptcy court. See <u>Analysis §49:28 Professional compensation §330\Norton Bankruptcy Law & Practice 3rd\Thomson-Reuters 2012.</u>

11. Courts are required to examine the following factors When reviewing fee applications of examiners, Chapter 11 trustees, and other professional persons:

    (1) The time spent on the services;

    (2) the rates charged for the services;

    (3) whether the services were necessary to the

administration of the estate or were beneficial at the time the services were rendered toward the completion of a case under Title 11;

  (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

  (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field 15; and

  (6) whether the compensation is reasonable based on Customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. See Analysis\ § 31:5, Applying §330 of the Bankruptcy Code\ Norton Bankruptcy Law & Practice 3rd\Thomson-Reuters 2012.

 12. 11 USC 2016 (a)- An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have thereto been made or promised to the applicant for services rendered or to be rendered in any capacity.

VIII. JURISPRUDENCE

13. Mere fact that Chapter 13 debtors were not ultimately successful in adjusting their debts and that their bankruptcy case was dismissed did not by itself establish that legal services provided by their attorneys were not reasonably likely to benefit estate when they were performed, so as not to be compensable from estate, where there was nothing in record to suggest either that attorneys were substantial cause of dismissal, or that they reasonably should have known that case would be dismissed. See In re Clark, 405 B.R. 457 (Bankr. E.D. Mich. 2009).

14. Reasonableness of time expended by attorney for purpose of performing lodestar calculation and making appropriate fee award, bankruptcy court considered: (1) time and labor required, considering the novelty and difficulty of the questions presented; (2) opposition encountered; (3) amount involved; and (4) need to disallow any duplicative hours. See In re Lopez, 405 B.R. 24, 32-33 (B.A.P. 1st Cir. 2009).

15. Bankruptcy court could consider as factor bearing on its lodestar calculation the fees typically charged by debtor's counsel in routine Chapter 13 cases in the district. See In re McKeeman, 236 B.R. 667 (B.A.P. 8th Cir. 1999).

IX. CONCLUSION

16. Applicant is entitled to compensation of attorney's fees and expenses to be paid as an administrative expenses from

Trustee's funds on hands for services rendered as counsel of debtors which at time were necessary, beneficial to estate considering the time, labor required, complexity of the case and rates charged as herein set forth, in Contract and Application for Compensation pursuant to §330, §503(b)(2) and §507(a)(1) of the Bankruptcy Code; nonetheless the undersigned attorney is not requesting any additional fees than the fees paid pre-petition in the instant bankruptcy case. Mere fact that Chapter 13 debtor was dissatisfied with services performed, the plan was not confirmed and case was dismissed does not establish that legal services provided by Applicant was not reasonably likely to benefit estate when they were performed, so as not to be compensated.

17. That eight months elapsed since the filing of the present petition until dismissal of the same, all the work as per attached Application for Compensation and Legal Docket of case. Debtor paid the sum of $819.00 in attorney's fees and $481.00 in expenses as per Statement 2016B and Form B203 for a total of $1,300.00. As disclosed in Form B203 $281.00 was paid for filing fee, CCS $100.00 and comparable $100.00. In reality the undersigned expended more than the fees paid by debtor to wit as per Application for Compensation the total sum of $4,500 is owed by debtor of which $981.00 were paid pre-petition in attorney's fees.

18. That for purposes of clarifying and/or disclosing work performed in the aforementioned case the undersigned attorney herewith attaches Application for Compensation.

### APPLICATION FOR ATTORNEY'S FEES

TO THE HONORABLE COURT:

COMES NOW, EMILY D DAVILA, ESQ. ("applicant"), which respectfully requests compensation pursuant to Section 330 of the United States Bankruptcy Code. All services performed and/or expense incurred were for the benefit of the debtor and necessary for the administration of the case. As required by Bankruptcy Rule 2018(a), the undersigned attorney on behalf of the aforementioned law firm sets forth a detailed statement of the services rendered, time expended and the amount requested:

**CASE ADMINISTRATION CHAPTER 13**

| DATE | DESCRIPTION | P/H | TIME | AMOUNT |
|---|---|---|---|---|
| 7/19/12 W.D.D. | Interview with debtor, re: evaluate economic situation, debts, determine assets and estimate liabilities for feasibility of plan; and contract with debtor, attorney fees and expenses. | 1 hrs. | $ 200. | $ 200. |
| 8/24/12 E.D.D. | Prepare and file Voluntary Petition, Compensation Statement of Attorney for the Debtor, Master Address List and Credit Counseling Certificate. | 2 hrs. | $ 200. | $ 400. |

| | | | | |
|---|---|---|---|---|
| 8/27/12 E.D.D. | Receive & notify debtors of 341 meeting, C/H; and notify debtors of possible dismissal due to incomplete petition & schedules filed pending documents. | .10 hr. | $ 200. | $ 20. |
| 9/11/12 E.D.D. | Prepare & file summary of schedules, SOFA, Statement of Intention, Form B22C & Plan. | 8 hrs. | $ 200. | $ 1,600. |
| 9/26/12 E.D.D. | Represent debtor at 341 meeting of creditors. | 1 hr. | $ 200. | $ 200. |
| 10/05/12 E.D.D. | Prepare & file amended schedule 'b' & 'c' to clarify house hold goods and exemptions; reply to Trustee's unfavorable report on C/H and amended plan. | 2 hrs. | $ 200. | $ 400. |
| 10/22/12- E.D.D | Prepare & file amended schedule 'c'. | .40 hrs. | $ 200. | $ 80. |
| 10/23/12 E.D.D. | Prepare & file amended B#25 & C to clarify value of car and exemption. | .40 hr. | $ 200. | $ 80. |
| 11/28/12 E.D.D. | Prepare & file reply to 2nd Trustee's unfavorable report. | .50 hr. | $ 200. | $ 100. |
| 12/26/12 E.D.D. | Prepare & file amended schedule 'c' to clarify exemptions, re: homestead & inheritance exemption. | .40 hrs. | $ 200. | $ 80. |
| 12/27/12 E.D.D. | Prepare & file Reply to Trustee's unfavorable report. | .40 hrs. | $ 100. | $ 80. |
| 1/08/13 E.D.D. | Amended 'b' & 'c' to clarify household goods & exemptions. | .40 hr. | $ 200. | $ 80. |
| 1/23/13 E.D.D. | Represent debtor at C/H. | 1 hr. | $ 200. | $ 200. |

| | | | | |
|---|---|---|---|---|
| 2/01/13 E.D.D. | Prepare & file Reply to Trustee's unfavorable report. | .40 hrs. | $ 200. | $ 80. |
| 2/04/13 E.D.D. | Receive, read and notify debtor of Order entered 2/4/13; re: requirements for eligibility of debtor to claim PR Home Act. | .50 hrs. | $ 200. | $ 100. |
| 5/21/13 E.D.D. | Prepare & file reply to Urgent Motion. | 1 hr. | $ 200. | $ 200. |
| 9/3/13 | Prepare & file Memorandum of Law & Application for Compensation, re: support of reply to debtor's Urgent Motion. | 3 hrs. | $ 200. | $ 600. |
| 12/19/12 | TOTAL COMPENSATION | 22.5 hrs. | $ 200. | $ 4,500. |

The applicant has not shared nor agreed to share such compensation with anyone. Taking into consideration the fact that this is a business case, the above detail of time spent estimated at 22.50 hours at a rate of $200.00 per hour to date the sum of $4,500.00 is owed by debtors of which pre-petition $981.00 was paid in attorney's fees and $481.00 for expenses pursuant to 2016B and B203 and pursuant to contract with debtor. Expenses are not part of attorney's fees.

<u>NOTICE</u>

TAKE NOTICE that if no response to this motion is filed within twenty (21) days, this Honorable Court may grant this motion without an actual hearing.

<u>VERIFIED STATEMENT</u>

I HEREBY CERTIFY under penalty of perjury that the above information is correct and services were incurred as stated to the best of my knowledge.

WHEREFORE it is respectfully requested that this Honorable Court take notice of the aforestated and deny debtor's Urgent Motion with any remedy it deem just and appropriate.

<u>CERTICATE OF SERVICE</u>

I HEREBY CERTIFY: that a true and exact copy of the foregoing motion has been filed electronically with the Clerk of the Court using CM/ECF systems which will send notification of such to Chapter 13 Trustee, Jose R. Carrion, Esq., to all CM/ECF participants and by regular mail copy has been sent to all non CM/ECF participants interested parties to their address of record as per master address list.

RESPECTFULLY SUBMITTED.

IN SAN JUAN, PUERTO RICO, this September 3, 2013.

/S/EMILY D DAVILA
USDC-PR #214503
420 PONCE DE LEON
MIDTOWN BLDG. SUITE 311
SAN JUAN, PR 00918
TEL. 759-8090\759-9620
davilalawe@prtc.net
davilaww@prtc.net

```
ROSELLITO MICAEL GLADYS
PO BOX 852
JUNCOS PR 00777



EMILY D DAVILA RIVERA
420 PONCE DE LEON
MIDTOWN SUITE 311
SAN JUAN PR 00918


AUT ACUEDUCTOS Y ALC
BANKRUPTCY DIVISION
BOX 70101
SAN JUAN PR 00936


BANCO BILBAO VIZCAYA
BANKRUPTCY DIVISION
GPO BOX 364745
SAN JUAN PR 00936


BANCO SANTANDER DE PR
BANKRUPTCY DIVISION
PO BOX 362589
SAN JUAN PR 00936


CRIM
BANKRUPTCY DIVISION
PO BOX 195387
SAN JUAN PR 00919


DEPARTMENT OF TRANSPORTATION
PO BOX 41243
MINILLAS STATION
SAN JUAN PR 00940


DISH NETWORK
PO BOX 105169
ATLANTA GA 30348



HOME DEPOT
PO BOX 3800
CAROLINA PR 00984



INSTYLER
SKO BRENNER AMERICAN
PO BOX 230
FARMINGDALE NY 11735


JC PENNEY
BANKRUPTCY DIVISION
PO BOX 364788
```

```
LEONARD & ASSOC
PO BOX 366220
SAN JUAN PR 00936


RELIABLE FINANCIAL
BANKRUPTCY DIVISION
APARTADO 21382
SAN JUAN PR 00928


SAMS CLUB
BANKRUPTCY DIVISION
PO BOX 103036
ROSWELL GA 30076


SEARS CARD
BANKRUPTCY DIVISION
PO BOX 6923
THE LAKES NV 88901
```